# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:06MC88-C

| | |
|---|---|
| IN RE: STUDENT FINANCE CORPORATION, )<br>)<br>– in – )<br>)<br>CHARLES A. STANZALE, JR., CHAPTER 7 )<br>TRUSTEE OF STUDENT FINANCE )<br>CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAREER PATH TRAINING CORP., )<br>)<br>Defendant. )<br>) | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on non-party Jim T. Flaherty's "Motion and Memorandum in Support Thereof to Quash Subpoena" (document #1) filed July 24, 2006; and Defendant Career Path Training Corp.'s "Brief in Opposition ..." (document #2) filed August 7, 2006. On August 16, 2006, Mr. Flaherty filed his "Reply ..." (document #3).

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B), and the subject motion is now ripe for determination.

Having carefully reviewed the pleadings, record, arguments of counsel, and applicable authority, the Court will deny Mr. Flaherty's "Motion ... to Quash Subpoena" (document #1), as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This matter concerns a non-party subpoena filed in an underlying proceeding pending in the

United States Bankruptcy Court for the District of Delaware, in which Charles A. Stanzale, Jr., the Chapter 7 Trustee ("the Trustee") of Student Finance Corporation ("SFC"), is seeking to avoid more than $17 million in alleged fraudulent transfers between SFC and Defendant Career Path Training Corporation ("Career Path").

Relevant to the subject Motion to Quash, prior to 2002, SFC was in the business of making and purchasing student loans, particularly loans to students of trade schools, including Defendant Career Path, a truck driving school. SFC generated revenue, in part, by selling bonds or trust certificates backed by pools of student loans SFC had made or purchased. In order to make the investment more attractive to investors, SFC obtained credit risk insurance in connection with these "securitizations." Royal Indemnity Co. ("Royal"), a Charlotte-based insurance company, issued the majority of SFC's credit risk policies.

In 2002, and after many of SFC's loans defaulted and millions of dollars in claims were submitted against Royal's credit risk insurance policies, an involuntary Chapter 11 bankruptcy proceeding was commenced against SFC in the United States Bankruptcy Court for the District of Delaware, which was subsequently converted into a Chapter 7 proceeding.[1]

As a result of the claims on policies it had issued to SFC, Royal is by far its largest creditor. Moreover, as part of a settlement reached with the Trustee in 2004, Royal paid $5 million to SFC's bankruptcy estate to fund the Trustee's litigation efforts, including the underlying suit against Career Path. Also, some time after the bankruptcy commenced, Royal took possession of hundreds of millions of dollars in SFC loans that had been "warehoused," that is, loans for which there had been no collection efforts in years.

---

[1] The present record does not reflect whether Royal instituted the initial Chapter 11 proceeding.

In November 2004, the Trustee filed the underlying proceeding against Career Path, claiming that every loan made by SFC to Career Path students in the four years preceding SFC's bankruptcy was a fraudulent conveyance. In discovery, the Trustee has acknowledged that his only basis for alleging that SFC's transfers to Career Path were fraudulent is an unusually high default rate – both before and after SFC's collapse – on the loans issued to Career Path students.

On June 30, 2006, Career Path served a subpoena on Jim T. Flaherty, an "Operations Executive" at Royal's Charlotte facility, to appear in Charlotte on July 31, 2006 for his deposition.

On July 24, 2006, Mr. Flaherty filed the subject Motion to Quash Career Path's subpoena, contending generally that he "performed no work relating to SFC" from 1997 to 2002 and has no "personal knowledge relating to" the underlying action. Mr. Flaherty concedes, however, that he "monitors and manages" loan portfolios on Royal's behalf, including loans issued by SFC, and that he does have knowledge concerning collections activity on, at least, some of the SFC loans, as well as Royal's attempts to recoup its losses by selling those loans.

In its brief, Career Path asks the Court to compel Mr. Flaherty to attend his deposition. Career Path also points out that in another discovery dispute in the underlying action, Royal informed the bankruptcy court that it is "in all practical respects ... a party to" that action.

Mr. Flaherty's Motion has been briefed as discussed above and is, therefore, ripe for determination.

## II. **DISCUSSION**

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other

> party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947).

Fed. R. Civ. P. 45(c) provides that a court may "quash or modify the subpoena [served upon a non-party] if it ... subjects [the] person to undue burden."

Generally, the resolution of discovery disputes, that is, whether to grant or deny a motion to compel or, in this case, whether to enforce or quash a party's subpoena, is left within the district court's broad discretion. See, e.g., Nicholas v. Wyndham Intern., Inc., 373 F.3d 537, 542 (4th Cir. 2004) (district court's denial of party's motion to enforce non-party subpoena duces tecum reviewed for abuse of discretion); Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting district court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

Applying these legal principles, the undersigned concludes that compelling Mr. Flaherty's deposition will not be unduly burdensome and is otherwise proper. Indeed, the proposed deposition will take place in Charlotte (where Mr. Flaherty resides and works) and Career Path does not seek the production of any documents. Moreover, where the default rate on SFC's loans is a central issue in the underlying action, the Defendant's effort to conduct discovery concerning collections of those loans is reasonably calculated to lead to the discovery of admissible evidence. As the Royal

executive with responsibility for the ongoing collection efforts on the SFC loans, Mr. Flaherty appears to be uniquely suited to give testimony on that topic. Accordingly, Mr. Flaherty's Motion to Quash will be denied and he will be ordered to appear for his deposition.

### III. ORDER

**NOW, THEREFORE, IT IS ORDERED:**

1. Jim T. Flaherty's "Motion ... to Quash Subpoena" (document #1) is **DENIED**, and at a date, time and location in Charlotte, North Carolina mutually convenient to the parties and Mr. Flaherty, but no later than September 25, 2006, Mr. Flaherty shall appear for the previously-noticed deposition.

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED.**

Signed: August 17, 2006

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge